IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRADERS CLOUD COMPANY LIMITED OF HONG KONG, a Hong Kong corporation; SPECTER GENERAL TRADING LLC OF DUBAI UNITED ARAB EMIRATES, a United Arab Emirates limited liability company; and WUKONG GROUP CO, LIMITED OF HONG KONG, a Hong Kong corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>SPRING VIEW FARMS AND LIVESTOCK LLC, a Pennsylvania limited liability company,<br><br>*Defendant*. | Civil Action No.: 5:23-cv-01150-JLS |

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure Plaintiffs, (1) TRADERS CLOUD COMPANY LIMITED OF HONG KONG ("Trader"); (2) SPECTER GENERAL TRADING LLC OF DUBAI UNITED ARAB EMIRATES ("Specter"); and (3) WUKONG GROUP CO. LIMITED OF HONG KONG ("Wukong")(collectively "Plaintiffs"), respectfully request that the Clerk of Court enter a default final judgment against Defendant SPRING VIEW FARMS AND LIVESTOCK LLC, based upon its failure to plead or otherwise defend as required by Summons and the Federal Rules of Civil Procedure, and state:

1. On March 24, 2023, Plaintiffs filed their Complaint (ECF No. 1) in the above-captioned action. A summons for Defendant was issued on the same day (ECF No. 4).



2. On April 4, 2023, Plaintiffs served Defendant with process. A copy of the Affidavit of Service was filed with the Court on April 10, 2023. (ECF No. 6).

3. On May 9, 2023, the Clerk of this Court entered a Default against Defendant for failing to file or serve any paper in this action, pursuant to Fed. R. Civ. P. 55 (a). See (D.E. 8)

4. Plaintiffs hereby seek the entry of a Default Final Judgement against Defendant on Count – I Breach of Contract and Count - II Fraud.

5. Because Defendant failed to defend against the Complaint or deny any allegations therein, the allegations against Defendant in the Complaint are deemed admitted. See Fed. R. Civ P. 8(6).

6. Regarding what law applies to Plaintiff's claims, Pennsylvania law applies to both the breach of contract and fraud claims.

7. The contract at issue between the parties does not have a choice of law provision. In a diversity case such as this case, courts determine the applicable law by applying the choice-of-law rules of the forum state, in this case, Pennsylvania. *Compagnie des Bauxites de Guinee v. Argonaut-Midwest Ins. Co*., 880 F.2d 685, 688 (3d Cir. 1989) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496-97, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941)). In the absence of a conflict, the courts apply the law of the forum state, in this case Pennsylvania. *See Austin v. Dionne*, 909 F. Supp. 271, 274 (E.D. Pa. 1995).

8. With respect to torts, choice of law issues are decided under the *Griffith* rule, which first requires the court to examine whether a conflict between two states' laws truly exists, and if so, to apply the law of the state that has the greater interest in application of its law based on a multi-factor, policy-based test. *Budtel Associates, LP v. Continental Casualty Co.*, 915 A.2d 1353, 1355 (Pa. Super. 1983).



9. Here, Defendant failed to perform the contract at issue in the state of Pennsylvania and therefore, Pennsylvania law will apply to the substantive issues.

10. Similarly, Pennsylvania law applies to the fraud claim because Defendant acted fraudulent activity in the state of Pennsylvania and state of Pennsylvania has greater interest in the application of its law. Therefore, Pennsylvania law will apply to substantive issues.

11. To plead a cause of action for a breach of contract under Pennsylvania law, a plaintiff needs to allege: (1) the existence of a contract, (2) a breach of the contract; and (3) resultant damages. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247 (Pa. 2016).

12. The Complaint is well pled as to all elements of breach of contract. The Complaint alleges that (1) the Plaintiffs and Defendant entered into a valid and enforceable contract, a Holstein Heifer Sales Agreement, as amended, ("Agreement") between the non-party FNP International Trading FZ-LLC (FNP) and Defendant, and after FNP executed the Agreement, FNP assigned all its rights to the Plaintiffs, (2) Defendant materially breached the Agreement, (3) Plaintiffs suffered damages as a result of Plaintiff's breach. *See* Comp. ¶¶ 56-62. Therefore, Plaintiffs validly stated a cause of action for a breach of contract against Defendant.

13. The essential elements of fraud are (1) a misrepresentation or fraudulent utterance; (2) an intention by the maker that the recipient will thereby be induced to act, or refrain from acting; (3) justifiable reliance by the recipient on the misrepresentation; and (4) damage to the recipient as a proximate result. *Guidotti v. Del Prince,* 2012 Pa. Dist. & Cnty. Dec. LEXIS 67; *Glover v. Severino*, 2008 PA Super 51, 946 A. 2d 710 (Pa. Super. 2008).

14. The Complaint is well pled as to all elements of fraud. The Complaint alleges that (1) Defendant misrepresented material facts, (2) Defendant intended that Plaintiffs rely on the



misrepresentation to pay Defendant, (3) Plaintiffs justifiably relied on Defendant's misrepresentation, and (4) as a direct and proximate result of Defendant's misrepresentation, Plaintiffs suffered damages.

15.   As of the date of this Motion, Plaintiffs have sustained damages in the amount of $5,261,165.94 as a result of Defendant's wrongful actions. *See* each Plaintiff's Declaration of Indebtedness filed contemporaneously with this Motion.

16.   Plaintiffs are also entitled to pre-judgement interest. Under Pennsylvania law, a plaintiff suing for a breach of contract is entitled to pre-judgment interest where the damages are liquidated and certain at the contract rate or, if there is none, at 6% p.a. *Pittsburgh Constr. Co. v. Griffith*, 2003 PA Super 374, ¶ 45, 834 A.2d 572, 590

17.   Therefore, in addition to Plaintiffs' damages of $5,261,165.94, Plaintiffs are entitled to pre-judgement interest from the date of breach until the date of judgement.

18.   Here, Defendant breached the Agreement as of August 3, 2019, when Defendant failed to load the livestock on the vessel to be shipped to Plaintiffs as required under the Agreement. *See* Complaint ¶ 40-47; each Plaintiff's Certificate of Indebtedness filed contemporaneously with this Motion.

19.   The Agreement does not prescribe the pre-judgment interest rate.

20.   Accordingly, Plaintiffs are entitled to pre-judgment interest of $1,183,762.12 from August 3, 2019 through May 17, 2023 at 6% p.a.

21.   A Final Default Judgment is appropriate here because the damages are of a sum certain, a default has been entered because Defendant has failed to appear, and Defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55 (b)(1).



2701 Ponce de Leon Blvd., Suite 202, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

22.     From the date of the Final Default Judgment from this Court, Plaintiffs are also entitled to post-judgment interest until the date of payment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment (currently at 4.73%). *Sovereign Bank v. REMI Cap., Inc.*, 49 F.4th 360, 365 (3d Cir. 2022) (holding in a diversity case that "In federal money judgments, 28 U.S.C. § 1961 governs the rate at which [post-judgment] interest accrues."); 28 U.S.C. § 1961.

**WHEREFORE**, Plaintiffs (1) TRADERS CLOUD COMPANY LIMITED OF HONG KONG ("Trader"); (2) SPECTER GENERAL TRADING LLC OF DUBAI UNITED ARAB EMIRATES ("Specter"); and (3) WUKONG GROUP CO. LIMITED OF HONG KONG ("Wukong") respectfully request that this Court or the Clerk of this Court enter a Default Final Judgement against the Defendant SPRING VIEW FARMS AND LIVESTOCK LLC in the total amount of $5,261,165.94 in damages, $1,195,870 in pre-judgment interest calculated from August 3, 2019 through May 17, 2023, at 6% per annum, plus any additional pre-judgement interest that will have accrued from the filing of this Motion until the entry of Judgement, plus post-judgement interest at the applicable rate, and such other relief as this Court deems just and proper.

Dated: May 24, 2023.



Respectfully submitted,

**ZARWIN BAUM DEVITO KAPLAN SCHAER TODDY PC**
2005 Market Street, 16th Floor
Philadelphia, PA 19103
Tel: (215) 569-2800
Fax: (267) 765-9664
Email: dmtancredi@zarwin.com


By: */s/ Dawn M. Tancredi*
DAWN M. TANCREDI, Esq.
Pennsylvania Bar No.86542

and

**BARAKAT + BOSSA**
2701 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Tel: (305) 444-3114
Fax: (305) 444-3115
Email:  gbossa@b2b.legal
           service@b2b.legal

By: */s/ Giacomo Bossa*
GIACOMO BOSSA, Esq.
Florida Bar No.: 97817
*Admission pro hac vice pending*