IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRADERS CLOUD COMPANY LIMITED OF HONG KONG, A HONG KONG CORPORATION, *et al*, | : : : : : : : : : : : | CIVIL ACTION NO. 23-1150 |
| v. | | |
| SPRING VIEW FARMS AND LIVESTOCK, LLC, A PENNSYLVANIA LIMITED LIABLITY COMPANY. | | |

**MEMORANDUM**

**Schmehl, J.   /s/ JLS**                                                                                              **March   15,  2024**

**I.   INTRODUCTION**

Before the Court is the motion of Defendant, Spring View Farms and Livestock, LLC to dismiss the Complaint filed by Plaintiffs, Traders Cloud Company of Hong Kong, Specter General Trading LLC of Dubai United Arab Emirates, and Wukong Group Co, Limited of Hong Kong. Plaintiffs filed a Complaint seeking monetary relief for an alleged breach of a contract for the sale and delivery of Holstein Heifer cows. Based upon the parties' submissions and after argument being held, Defendant's motion will be granted, and this matter will be dismissed.

**II.   BACKGROUND**

Plaintiffs seek relief in an amount exceeding $5 million on the purported grounds that Spring View breached a contract and made fraudulent statements regarding the sale and delivery of Holstein Heifer cows. *See* ECF No. 1. Plaintiffs attached to the Complaint a copy of the purported contract giving rise to their claims in this matter. ECF No. 1, Ex. A. Section 9.2 of that contract contains a clause that Defendant claims is an "unambiguous forum selection clause" and

1

Plaintiffs claim is an "arbitration clause with a governing/applicable law provision." The clause in question states as follows:

> **9. Arbitration and Governing (applicable) law**
>
> 9.1 The parties will take all necessary measures to solve all disputes and disagreements, which may arise out of or in connection with the execution of this present contract in amicable way.
> 9.2 All legal disputes arising out of or in connection with this contract shall be adjudicated, exclusively and bindingly in Switzerland.

ECF No. 1, Ex. A, Section 9.

On May 14, 2020, Plaintiffs also filed a lawsuit in the Tribunal de premiere instance Republique et canton de Geneve, Court of first instance Republic and canton of Geneva, in Geneva, Switzerland, asserting the same claims that they assert in the Complaint. ECF No. 13, Exhibit 1, ¶ 6 (attaching true and correct copies of the complaint filed by Plaintiffs in the Geneva Action); ECF No. 17, Ex. A (Declaration of Swiss counsel). The Geneva Action remains in active litigation as of the date of the filing of the Complaint in this case.

### III.  LEGAL STANDARD

In the Third Circuit, dismissal under Rule 12(b)(6) is a proper method of enforcing a forum selection clause. See *Wolfe v. TBG Ltd.*, 2014 WL 325637 (E.D. Pa. Jan. 28, 2014); *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 297 (3d Cir. 2001) (holding that dismissal under Rule 12(b)(6) is a proper way to enforce a forum selection clause). "The non-moving party bears an exacting burden of proof and persuasion in defeating a motion to dismiss predicated upon a forum selection clause." *Loc Performance Products, Inc. v. Fidelity Technology Corp.*, 2020 WL 1694566, at *2 (E.D. Pa. April 7, 2020) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (*citing Iqbal,* 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

In our analysis of a motion to dismiss, the Court of Appeals allows us to also consider documents "attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

## IV. DISCUSSION

In this matter, Defendant argues that Section 9 set forth above is a forum selection clause that clearly and unequivocally provides that any dispute between the parties must be adjudicated in Switzerland. In opposition, Plaintiffs argue that Section 9 of the agreement is actually "captioned, intended and apparently designed to serve as an arbitration clause with a governing/applicable law provision." ECF No. 20, p. 2. Plaintiffs further argue that the arbitration clause is "designed defectively with an illogical and ambiguous reference to adjudication in Switzerland" and that "due to its irreconcilable contradictions and ambiguities" is

unenforceable. *Id*. Plaintiffs assert that "Section 9 is clearly titled and intended to be an arbitration clause, as evident from its heading . . ." *Id*., p. 5.

It is true that a court "may examine the [contract] heading as additional evidence tending to support the contract's substantive provisions." *In re G-I Holdings, Inc.*, 755 F.3d 195, 203 (3d Cir. 2014), citing *Fulkerson v. MHC Operating Ltd.,* 2002 WL 32067510, at *5 (Del.Super.Ct. Sept. 24, 2002) (internal citations omitted)). However, the title of a section cannot contradict or rewrite the plain language of the contractual provisions within that section, and "[c]ontract headings do not constitute controlling evidence of a contract's substantive meaning." *Id*., citing *Fulkerson*, 2002 WL 32067510 at *5. The Court stated in *In re G-I Holdings* that it would "not discount the plain language of the third sentence of that section merely because of the title." *Id*.

A review of the specific language of Section 9 shows that it is intended to be a forum selection clause. The clause specifically states that "all legal disputes arising out of or in connection with this contract shall be adjudicated exclusively and bindingly in Switzerland." There is absolutely nothing ambiguous about the clause itself. Plaintiffs attempt to create ambiguity by pointing out that the title of Section 9 of the contract includes the word "arbitration," and therefore, the clause may be referring to arbitrations and not court proceedings. This argument is unpersuasive.

Plaintiffs' position is contrary to the case law cited above, as the Third Circuit has made it clear that "the title of a section cannot contradict or rewrite the plain language of the contractual provisions within that section." *In re G-I Holdings, Inc., * 755 F.3d at 203. That would be exactly what this Court would be doing if we gave credence to Plaintiffs' reading of Section 9, as even though the heading references "arbitration," the clause itself does not discuss arbitration in any way. Rather, the section references legal disputes must be "adjudicated" in Switzerland;

4

adjudicated is not a word that is used to refer to arbitrations. Rather, "adjudicated" refers to court proceedings and is defined as 1) settled, determined, or decreed judicially, or 2) submitted to judicial process. *Dictionary.com*, https://www.dictionary.com/browse/adjudicated (last visited Mar. 15, 2024). Therefore, a plain reading of Section 9.2 clearly and unequivocally provides that any dispute must be litigated in a court in Switzerland. Plaintiffs may not ignore established precedent in an attempt to create some ambiguity in Section 9.2. The intent of the parties to this contract was clearly to litigate any legal disputes in a court in Switzerland, as they have been doing since 2020, pursuant to the forum selection clause at issue here. Accordingly, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint will be dismissed with prejudice.

V.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed with prejudice.